IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalvin Dontay Hunt, ) | C/A No. 8:15-4386-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | *for summary dismissal* |
| Beaufort County Detention Center *medical*;) | *of one defendant* |
| Phillip Foot; Karen Singleton; Major Allen; Lt.) | |
| Grant, ) | |
| ) | |
| Defendants. ) | |

Kalvin Dontay Hunt ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff apparently is detained at the Columbia Regional Care Center.[1] He files this action *in forma pauperis* under 28 U.S.C. § 1915. The Defendant Beaufort County Detention Center medical should be summarily dismissed.

## BACKGROUND

Plaintiff alleges the following relevant facts.[2] In February of 2012, he was detained in the Beaufort County Detention Center. [Doc. 1.] The defendants forced Plaintiff to walk barefoot with an open laceration on his foot around the detention center. [*Id.*] His cell was bacteria-infested. [*Id.*] Plaintiff's foot became infected, and he complained formally and informally about his pain. [*Id.*] He received some treatment at the detention center, but until

---

[1]It appears that Plaintiff is in the custody of the South Carolina Department of Mental Health.

[2]The alleged factual details related to Phillip Foot, Karen Singleton, Major Allen, and Lt. Grant's actions are not set forth because they are not necessary for this Report and Recommendation, and service of process is authorized for them.

his transfer to the mental health facilities in Columbia, South Carolina, his infection did not heal. [*Id.*]

Plaintiff seeks damages. [*Id.*] He also requests "a full on DHEC investigation be conducted within the Beaufort County Detention Center." [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore

2

a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

With respect to the Beaufort County Detention Center medical, it should be dismissed because it is not a person subject to suit pursuant to § 1983. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The Beaufort County Detention Center medical is a group of people in a building and, as such, is not subject to suit under § 1983. Buildings and correctional institutions, as well as groups of people, usually are not considered legal entities subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983

and that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). Accordingly, Plaintiff fails to state a claim on which relief may be granted against the Beaufort County Detention Center medical.

If Plaintiff is intending to sue Beaufort County pursuant to § 1983, the county is considered a person subject to suit pursuant to § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 689–90 (1978) (finding that municipalities and other local government bodies are "persons" subject to suit pursuant to § 1983). However, local government bodies may be liable only where official policy or custom caused a plaintiff's injury. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Thus, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Id.* Here, Plaintiff makes no such allegation, so he fails to state a claim on which relief may be granted against the county.

## RECOMMENDATION

It is recommended that Defendant Beaufort County Detention Center medical be dismissed from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). The lawsuit remains pending against the other Defendants at this time. **Plaintiff's attention is directed to the important notice on the next page.**

December 17, 2015                                              s/Jacquelyn D. Austin
Greenville, South Carolina                                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).