IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalvin Dontay Hunt,            ) | C/A No. 8:15-4386-TMC-JDA |
| )  | |
| Plaintiff,    ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs.                              ) | |
| ) | *for partial disposition* |
| Beaufort County Detention Center *medical*;) | |
| Phillip Foot; Karen Singleton; Major Allen;  ) | |
| Lt. Grant,                      ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

This matter is before the Court with regard to the unserved Defendant Karen Singleton ("Singleton"). After the U.S. Marshal informed the Court that service of process had not been accomplished on Singleton at the address provided by Plaintiff, on February 3, 2016, this Court entered an Order directing Plaintiff to complete and return to the Clerk of Court a new summons form and Form USM-285 for Singleton with a new updated address, or to notify the Court in writing whether he agrees to dismiss Singleton without prejudice, or whether he seeks additional time for service of process with supporting reasons for such a request. [Doc. 35.] This Court warned Plaintiff that if he did not respond to the Order and/or did not provide a new summons form and Form USM-285 for Singleton with a new updated address, this Court would recommend that Singleton be dismissed without prejudice. [*Id.*] Plaintiff did not respond to the February 3, 2016, Order, and the time for response lapsed. Thus, it is recommended that Karen Singleton should be dismissed from this action without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff's attention is directed to the important notice on the next page.

March 3, 2016  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).