IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kalvin Dontay Hunt, ) | Civil Action No.: 8:15-cv-04386-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Phillip Foot, Major Allen, Lt. Grant, ) | |
| ) | |
| Defendants.[1] ) | |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 48.] Plaintiff is proceeding pro se and brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed his this action on October 24, 2015,[2] alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. [Doc. 1.] Defendants filed a motion for summary judgment on March 7, 2016. [Doc. 48.] On March 8, 2016, the Court issued an Order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising

---

[1] Defendant Beaufort County Detention Center was dismissed from this action on February 4, 2016 [Doc. 38], and Defendant Karen Singleton was dismissed from this action on March 28, 2016 [Doc. 52].

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Plaintiff, this action was filed on October 24, 2015. [Doc. 1 at 5 (Complaint dated October 24, 2015).]

Plaintiff of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motions. [Doc. 49.] Plaintiff filed a response in opposition on March 31, 2016. [Doc. 55.] Accordingly, the motion is ripe for review.

## BACKGROUND[3]

Plaintiff, who was a pretrial detainee at the Beaufort County Detention Center ("Detention Center") at all times relevant to the allegations in the Complaint, alleges he received inadequate medical care and treatment.[4] [Doc. 1 at 3.] Plaintiff alleges that in February 2012, he was forced by Defendants to walk barefoot around a bacteria infested cell with an open laceration on his right heel. [*Id.*] Plaintiff states that his foot became infected and swollen such that the sutures in his foot ripped. [*Id.*] Plaintiff notes that although his complaints initially fell on deaf ears, he was issued a protective boot and given antibiotics. [*Id.*] Plaintiff was subsequently transferred to the South Carolina Department of Mental Health in Columbia, where the infection was treated with intravenous medication. [*Id.*]

Plaintiff seeks compensatory damages for his emotional and physical scarring, pain and suffering, mental anguish, and abuse. [*Id.* at 5.] Plaintiff also requests an investigation be conducted at the Detention Center. [*Id.*]

---

[3] The facts included in this background section are taken directly from Plaintiff's Complaint. [Doc. 1.]

[4] At the time he filed his Complaint, Plaintiff was confined at Columbia Regional Care Center. [Doc. 1 at 2.] Based on Plaintiff's recent motion, he remains confined at Columbia Regional Care Center. [Doc. 62.]

2

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

3

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private

behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

6

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

Defendants argue Plaintiff cannot show Defendants were deliberately indifferent to Plaintiff's medical needs. [Doc. 48-1 at 2–4.] The Court agrees Defendants are entitled to summary judgment on Plaintiff's claim.

On March 24, 2012, Plaintiff reported to the Beaufort Naval Hospital with suicidal ideation. [Doc. 48-1 at 1.] Later, while naked and shoeless, Plaintiff jumped in an unmanned fire truck and rammed five or more cars, hitting and killing a pedestrian, and crashing into a wooded area. [Doc. 55-1 at 6.] Plaintiff sustained a third degree liver laceration and a deep laceration to his right heel. [*Id.*] Plaintiff was hospitalized at the Medical University of South Carolina from February 25, 2012, to February 29, 2012, when he was booked into the Detention Center. [*Id.*] Plaintiff asserts that the treatment he received for his foot was inadequate. [*Id.*]

Because at all relevant times Plaintiff was a pretrial detainee, his claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Unlike convicted inmates, pretrial detainees have not been adjudicated guilty of a crime and may not be subjected to any form of "punishment." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). In any event, "[t]he due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Id.*

7

Deliberate indifference to a prisoner's serious[4] medical needs violates the Eighth Amendment and states a cause of action under § 1983 because deliberate indifference constitutes "the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104– 05 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)). Deliberate indifference exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. Within the United States Court of Appeals for the Fourth Circuit, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to violate a prisoner's Eighth Amendment rights. *Miltier*, 896 F.2d at 851.

In order to demonstrate a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. To establish deliberate indifference, an inmate must allege both that he experienced a deprivation that was "objectively sufficiently serious" and "that subjectively the officials acted with a sufficiently culpable state of mind." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks, alteration, and emphasis omitted). Negligence or medical malpractice will not establish a sufficiently culpable state of mind. *Id.*

---

[4] "A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990) (citing *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987); *Hendrix v. Faulkner*, 525 F. Supp. 435, 454 (N.D. Ind. 1981)).

Here, Plaintiff has failed to demonstrate that Defendants were deliberately indifferent to his medical needs. Plaintiff received a medical screening when he was booked into the Detention Center on February 29, 2012. [Doc. 55-1 at 3.] At screening, Defendants noted the sixteen sutures to Plaintiff's right heel. [*Id.*] Plaintiff's medical records demonstrate that Plaintiff received medical care from February 29, 2012, through March 14, 2012, when Plaintiff was transferred to the South Carolina Department of Mental Health.

Plaintiff's relevant medical progress notes and wound care flow sheet indicate as follows:

- 3/1/2012   Heel bandaged, no drainage noted; vital signs taken; wound assessed; pain 1/10; medications administered.

- 3/2/2012   Wound care administered.

- 3/4/2012   Dressing change to right foot; stitches intact; area whitish, slight pungent odor; tolerated dressing change well; no drainage, no redness.

- 3/5/2012   Dressing intact to right heel; no pain; wound examined, sutures in tact, wound cleansed, slight odor and drainage noted; started Amoxil. . . Plaintiff complained of pain in his foot; Plaintiff threatened to remove dressing and he was advised to keep dressing on foot. . . Changed and cleaned wound; drainage noted.

- 3/6/2012   Dressing changed, cleaned; drainage noted; edges white but sutures not pulling edges together; Motrin given for pain.

- 3/7/2012   Dressing changed; boot applied to foot for support; drainage

9

|   |   |   |
|---|---|---|
|   |   | and odor noted; Plaintiff stated 0 pain. On Amoxil, add Septra. |
| • | 3/8/2012 | Right foot Betadine soak; dressing changed; no complaints of pain or discomfort; drainage and whiteness noted; no odor. Tylenol administered. |
| • | 3/9/2012 | Bandage changed; foot improving; two sutures still intact; wound slightly moderate pink/red; drainage noted. |
| • | 3/10/2012 | Foot soaked; 8/10 pain; Tylenol given; skin white; odor but no drainage noted; Plaintiff refused medications. |
| • | 3/11/2012 | Plaintiff took medication for pain in foot. |
| • | 3/12/2012 | No pain or discomfort; moderate drainage; no odor; wrapped and secured. . . Betadine soak to right foot; drainage noted; dressed and wrapped foot and reapplied boot. Plaintiff transported via wheelchair. |
| • | 3/13/2012 | Betadine soak; dressed wound; no pain or discomfort reported; Plaintiff continues to be advised to stay off foot and transported via wheelchair. . . Betadine soak, dressed, wrapped and boot reapplied. |
| • | 3/14/2012 | Betadine soak; drainage and odor noted. . . Transferred to Columbia, South Carolina. |

[Doc. 48-3 at 7–16.] Plaintiff was instructed to use a wheelchair for all transport with no ambulation until notification. [*Id.* at 17; *see also* Doc. 55-1 at 5.]

Based on Plaintiff's medical records, the Court cannot find that Defendants were deliberately indifferent to Plaintiff's medical needs. As the United States Supreme Court

10

has explained,

> Since, we said, only the " 'unnecessary *and wanton* infliction of pain' " implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. "It is *only* such indifference" that can violate the Eighth Amendment; allegations of "inadvertent failure to provide adequate medical care," or of a "negligent . . . diagnos[is]," simply fail to establish the requisite culpable state of mind.

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (emphasis and alteration in original) (citations omitted). Further, in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir. 1969); *Hirons v. Director*, 351 F.2d 613 (4th Cir. 1965)) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*, *Barton v. Dorriety*, No. 9:10–cv–1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817). The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell*, 528 F.2d at 319. The record shows that Plaintiff received prompt and continual care throughout his stay at the Detention Center. There is no basis for a reasonable juror to conclude from this record that an Eighth Amendment violation resulted. Accordingly, the Court finds Defendants' motion for summary judgment should be granted.[5]

## RECOMMENDATION

---

[5] To the extent that Plaintiff alleges negligence or medical malpractice, negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Id.* ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion for summary judgment [Doc. 48] be GRANTED.

IT IS SO RECOMMENDED.

                                              s/Jacquelyn D. Austin
                                              United States Magistrate Judge

September 12, 2016
Greenville, South Carolina